UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUMERCINDO DE LA CRUZ,

                 Plaintiff,

    -against-

ARBENI MANAGEMENT COMPANY INC. and
H.B. ASSOCIATES LLC,



                 Defendants.
------------------------------------------------------------X

Case No. 22-cv-00979

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

Plaintiff GUMERCINDO DE LA CRUZ ("De la Cruz" or "Plaintiff"), by his attorneys, RAPAPORT LAW FIRM, PLLC, as and for his Complaint, alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action to seek unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2. This action further invokes the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195, and 12 N.Y.C.R.R. Part 141-1.9, 2.10, Part 142), and NY Labor Law § 215).

3. At all relevant times, Defendants operated as a unified and centrally-controlled real estate enterprise, operating from a management office at 2465 Arthur Avenue, Bronx, New York (the "Arthur Avenue Office"), that owns and/or controls at least twenty apartment buildings (the "Buildings") in New York and Bronx Counties.

4. At all relevant times, Defendants' real estate enterprise, which is hereinafter referred to as the "Gecaj Enterprise," functioned under the direction and control of members of the Gecaj family, including Avni Gecaj and Rrustem Gecaj.

5. The Gecaj Enterprise had policies of encouraging and requiring its superintendents, including Plaintiff, to work in excess of forty (40) hours per week, without paying them overtime compensation as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

7. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

8. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Plaintiff**

9. De la Cruz is an adult, natural person who resides in Bronx County, New York.

10. Commencing in or about June 2018, De la Cruz worked for Defendants as a laborer. After approximately two months (in or about late summer 2018) Defendants assigned De la Cruz to work as superintendent of 1134 Stratford Avenue, Bronx, New York 10472 (the "Stratford Building"), an apartment building with approximately 40 apartments. De la Cruz worked in this position until he was terminated from his job on or about March 4, 2021.

**Defendants**

11. At all relevant times, Defendants owned, managed and/or controlled the Buildings, each of which is nominally titled in the name of a title-holding entity controlled by members of the Gecaj family.

12. At all times relevant to this action, the Gecaj Enterprise was "an enterprise engaged in interstate commerce" within the meaning of the FLSA. The Gecaj Enterprise has (a) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (b) an annual gross volume of revenues in excess of $500,000.00.

13. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, NYLL §§ 2 and 651, and all other statutes referred to in this Complaint.

15. At all times herein relevant, Arbeni Management Company Inc. was a New York corporation doing business in Bronx and New York Counties with a principal place of business at the Arthur Avenue Office.

16. Upon information and belief, H.B. Associates LLC is a New York corporation doing business in Bronx County, New York at the Arthur Avenue Office.

17. At all relevant times, H.B. Associates LLC was the title owner of the Stratford Building.

## FACTUAL ALLEGATIONS

18. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

19. At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the FLSA and all other statutes referred to in this Complaint.

20. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§ 2 and 651.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay building maintenance employees by the same method, and share control over employees.

22. Each defendant possessed substantial control over the policies and practices over Plaintiff's working conditions.

23. Defendants jointly employed Plaintiff and were Plaintiff's joint employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

24. In the alternative, Defendants were a single employer of Plaintiff.

25. At all relevant times during De la Cruz's employment as a superintendent (to wit, from late summer 2018 through on or about March 3, 2021), De la Cruz was responsible

for maintaining and repairing the Stratford Building, including, *inter alia*, apartment renovations, painting, light plumbing, plastering, hauling, flooring, handling garbage and recycling, cleaning and similar tasks.

26. De la Cruz' typical weekly work schedule consisted of working seven (7) days per week, as follows:

>   (a) <u>Monday through Saturday:</u> from approximately 8:00 a.m. to approximately 5:00 p.m. However, De la Cruz frequently had to work through the evening hours, handling leaks and other repairs requested of him by tenants; and

27. <u>Sundays:</u> on average, 6 hours.

28. Based on the foregoing, it is conservatively estimated that De la Cruz worked an average of sixty (60) or more hours per week. However, De la Cruz was not paid for the hours he worked above his first forty (40) hours of work per week.

29. Plaintiff was also assigned to handle tasks at another building 3 times per week for approximately one month.

30. Throughout his employment as a superintendent, Defendants paid De la Cruz $600 per week, which did not include premium overtime compensation (i.e., 1 ½ times De la Cruz' effective hourly rate of pay) for hours worked above the first forty (40) hours per workweek.

31. Defendants did not keep track of the number of hours that De la Cruz worked per week, and they did not provide any method for De la Cruz to record and/or submit his number of hours worked, let alone the number of overtime hours worked.

**AS AND FOR A FIRST CAUSE OF ACTION**
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201** *et seq.*

32. De la Cruz incorporates in this cause of action each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

33. At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d). Defendants employed Plaintiff as a maintenance worker, employment positions which engaged Plaintiff in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

34. In the performance of his duties for Defendants, De la Cruz worked substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

35. Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

36. As a result of the foregoing, Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff for the three-year period preceding the filing of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
New York Labor Law – Overtime Wages

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

39. Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of 40 hours in a workweek, and none of Defendants' paychecks included premium overtime pay (1 ½ times De la Cruz' effective, hourly rate of pay) for overtime.

40. Defendants willfully failed to pay Plaintiff premium overtime at a rate of time and one-half his effective, regular hourly rate for all hours worked in excess of 40 hours per workweek.

41. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

42. As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages of 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

43. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

44. The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

45. Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

46. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable

attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices
### NYLL §§ 195(a) and 198 (1-b)

47. Plaintiff incorporates by reference in this cause of action the prior allegations of this Complaint as if fully alleged herein.

48. The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire.

49. Defendants failed to furnish Plaintiff at the time of hiring with wage notices required by NYLL § 191.

50. Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages in the amount of $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### RELIEF SOUGHT

**WHEREFORE,** Plaintiff, De la Cruz, respectfully requests that the Court grant the following relief:

1. Declaring, adjudging and decreeing that Defendants violated the overtime provisions of the FLSA and NYLL as to Plaintiff;

2. Awarding Plaintiff damages and/or restitution for the amount of unpaid compensation, including unpaid overtime compensation, plus interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages;

3. Awarding statutory damages for Defendants' failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3);

4. Awarding statutory damages for Defendants' violation of NYLL § 191;

5. Declaring that Defendants' violations of the New York Labor Law were willful;

6. For all other Orders, findings and determinations identified and sought in this Complaint;

7. Compensatory damages for failing to reimburse Plaintiff for tools of the trade that Plaintiff provided to perform his job duties;

8. For prejudgment and post judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

9. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law; and

10. Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  New York, New York
        February 3, 2022

**RAPAPORT LAW FIRM, PLLC**

By:  /s/
     _____
     Marc A. Rapaport, Esq.
     *Attorney for Plaintiff*
     Rapaport Law Firm, PLLC
     80 Eighth Avenue, Suite 206
     New York, New York 10011
     Ph: (212) 382-1600
     mrapaport@rapaportlaw.com